**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ALLEN MOORE, JR.,**

      **Petitioner,**

**v.**                                                                     **Case No. 3:15cv499-LC/CAS**

**JULIE L. JONES,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On November 2, 2015, Petitioner Allen Moore, Jr., an inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On June 20, 2016, Respondent filed a motion to dismiss Petitioner's § 2254 petition as untimely, with exhibits.  ECF No. 10; *see* ECF No. 12.  Petitioner has filed a reply.  ECF No. 18.

### Procedural Background

On January 16, 2007, Petitioner was charged by information with one count of robbery with a weapon, in violation of section 812.13(2)(b), Florida Statutes, and one count of aggravated assault by threat, in violation of

section 784.021(1)(a), Florida Statutes.  Ex. A at 1.[1]  These charges were

filed in connection with events that took place January 1, 2007.  *Id.*  After a

jury trial held September 26, 2007, Petitioner was found guilty on both

counts.  *Id.* at 17.  On November 5, 2007, Petitioner was sentenced on

count one to thirty years in prison as a prison releasee reoffender (PRR)

and, on count two, to five years in prison as a PRR, to run concurrent.  *Id.*

at 49-54.  On November 27, 2007, Petitioner appealed his judgment and

sentence to the First District Court of Appeal (DCA).  *Id.* at 57.  On January

13, 2009, the First DCA affirmed Petitioner's judgment and sentence per

curiam without a written opinion.  Ex. H.  The mandate issued February 10,

2009.  *Id.*; Moore v. State, 1 So. 3d 181 (Fla. 1st DCA 2009) (table).

On January 22, 2010, Petitioner filed a motion to vacate sentence

pursuant to Rule 3.850, Florida Rules of Criminal Procedure.  Ex. O at 39.

On April 27, 2010, the state court struck Petitioner's motion as facially

insufficient.  *Id.* at 87.  On November 9, 2010, Petitioner filed a second Rule

3.850 motion.  *Id.* at 89.  On January 27, 2012, the state court denied

Petitioner's motion.  Ex. P at 143.  On November 6, 2013, the First DCA

affirmed the case per curiam without a written opinion.  Ex. S.  The

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted
with Respondent's motion to dismiss, ECF Nos. 10, 12.

mandate issued December 3, 2013.  *Id.*; Moore v. State, 124 So.3d 920

(Fla. 1st DCA 2013) (table).

On March 17, 2015**,** Petitioner filed a motion for post-conviction relief

pursuant to Florida Rule of Criminal Procedure 3.800(a).  Ex. T at 1.  On

March 27, 2015, the state court denied this motion.  *Id.* at 8.  On April 7,

2015, Petitioner appealed to the First DCA.  Ex. T at 19.  On July 20, 2015,

the First DCA affirmed the case per curiam without a written opinion.  Ex. U

at 3.  The mandate issued August 17, 2015.  *Id.* at 2; Moore v. State, 171

So. 3d 706 (Fla. 1st DCA 2015) (table).

As indicated above, on November 2, 2015, Petitioner filed the instant

petition.  ECF No. 1.  On June 20, 2016, Respondent filed a motion to

dismiss Petitioner's § 2254 petition as untimely.  ECF No. 10.  Petitioner

has filed a reply.  ECF No. 18.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act (AEDPA),

there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C.

§ 2244(d)(1).  The period generally runs from "the date on which the

judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review."  *Id.* § 2244(d)(1)(A).  The limitations

period is tolled for the time during which a "properly filed" application for

post-conviction relief is pending in state court.  *Id.* § 2244(d)(2).  The time

may be equitably tolled, but only if Petitioner can show "extraordinary

circumstances that are both beyond his control and unavoidable even with

diligence."  Sandvik v. U.S., 177 F.3d 1269, 1271-72 (11th Cir. 1999).

A conviction becomes final for federal habeas purposes upon

expiration of the 90-day time period in which a defendant may seek direct

review of his conviction in the United States Supreme Court, regardless of

whether such review is actually sought.  Kaufman v. United States, 282

F.3d 1336, 1338 (11th Cir. 2002) (concluding that conviction does not

become "final" for purposes of § 2255(f)(1) until 90-day period for seeking

certiorari expires, even if prisoner does not petition for such review).  The

Supreme Court Rules explain that the 90-day period runs from the date the

order of judgment is issued, not from the date the mandate is issued.  Sup.

Ct. R. 13(3); Mississippi v. Turner, 498 U.S. 1306, 1306 (1991) (finding

petition for writ of certiorari timely when it is filed "within 90 days after the

entry of judgment").

The First DCA affirmed Petitioner's judgment and sentence on

January 13, 2009.  Ex. H.  Petitioner's judgment and sentence became final

ninety days later when the period for seeking certiorari expired on April 13,

2009.  Thus, absent any tolling of time, Petitioner had until April 13, 2010,

to file a federal habeas petition.  *See, e.g.*, <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (applying "anniversary method" when calculating one-year limitations period); <u>Ferreira v. Sec'y, Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (noting that limitations period should be calculated using "the anniversary date of the triggering event").

Petitioner filed his Rule 3.850 motion for post-conviction relief on January 22, 2010.  Ex. O at 39.  At this point, 283 days had passed in the one-year limitations period.  The First DCA ultimately affirmed the denial of this motion on November 6, 2013, and the mandate issued December 3, 2013.  Ex. S.  With 82 days remaining in his one-year limitations period,[2] Petitioner had until Monday, February 24, 2014, to timely file a federal habeas petition, absent any additional tolling of time.  Petitioner did not file anything until he filed another state post-conviction motion on March 17, 2015.  Ex. T.  By this point, his one-year limitations period had well expired.  Accordingly, the instant petition is untimely.  *See* <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir. 2004) (finding that post-conviction motions do not restart the AEDPA one-year limitations period once it has expired) (citing <u>Moore v. Crosby</u>, 321 F.3d 1377, 1381 (11th Cir. 2003)).  Petitioner

---

[2] $365 - 283 = 82.$

does not raise any argument to the contrary, either in his petition or in his

reply; rather, he argues the merits of his ground.  *See* ECF Nos. 1, 18.

## Recommendation

Therefore, it is respectfully **RECOMMENDED** that Respondent's

motion to dismiss, ECF No. 10, be **GRANTED** and Petitioner's § 2254

petition, ECF No. 1, be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2016.

**S/     Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**